2007 OK CIV APP 42

VELMA–ALMA INDEPENDENT SCHOOL DISTRICT NO. 15; Sue Ridley Cerney; John E. and Joan J. Morgan; John E. Morgan, as Trustee of the John A. Morgan Trust; Sharon Hamman; Thomas E. and Alice McKelvain, individually and on behalf of a class of other similarly situated persons, Plaintiffs/Appellees,

v.

TEXACO, INC.; Texaco Exploration and Production, Inc.; Chevron Texaco Corporation; Chevron U.S.A., Inc.; Ybles Unit; East Velma Permian Unit; Unconformity Humphreys Sand Unit; Wildhorse Unit; N.W. Velma Hoxbar Unit; Wildcat Jim Unit; and H.Z. Stiefel Unit, Defendants,

Susan Orr Browne, Appellant.

Mary Lou Mahaffey, et al., Plaintiffs,

v.

Knox Bromide Sand Unit; Chevron Texaco Corporation; and Chevron U.S.A., Inc., Defendants.

E.B. Honnold, as Trustee of the J.F. Buck Trusts ABC, and the J.F. Buck Revocable Trust, individually and on behalf of a class of other similarly situated persons, Plaintiffs,

v.

Texaco, Inc.; Texaco Exploration and Production, Inc.; Chevron Texaco Corporation; Chevron U.S.A., Inc.; Southwest Maysville Oil Creek Sand Unit; West Civic Dykeman Sand Unit; Derdeyn Pontotoc Sand Unit; and Pauls Valley Penn Unit, Defendants.

No. 102,996.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 23, 2007.

Certiorari Denied May 14, 2007.

Terry J. Barker, Joseph C. Woltz, Gene G. Boerner, Pezold, Barker & Woltz, Tulsa, OK, for Plaintiffs/Appellees.

Jeffery K. Archer, James L. Kee, Kee Law Office, Duncan, OK, and Richard L. Denney, Denney & Barrett, P.C., Norman, OK, and Edward W. Cochran, Shaker Heights, OH, for Appellant Susan Orr Browne.

Richard B. Noulles, Gable & Gotwals, Tulsa, OH, for Defendants Texaco, Inc.; Texaco Exploration and Production, Inc.; Chevron Texaco Corporation; Chevron U.S.A., Inc.; Unconformity Humphreys Sand Unit, Knox Bromide Sand Unit, and Southwest Maysville Oil Creek Sand Unit.

KENNETH L. BUETTNER, Judge.

¶1 Appellant Susan Orr Browne appeals from the trial court's "Findings of Fact, Conclusions of Law, and Order Finally Approving Class Certifications, Class Settlements, and Class Counsels' Motion for Attorney Fees, Litigation Costs, and Class Representatives(') Fees from the Common Fund." The Oklahoma Supreme Court has deferred consideration of both Plaintiffs/Appellees' ("Class Representatives") Motion to Dismiss Appeal[1] and Browne's Application to Amend the Record.[2] For reasons explained below, we deny both the Motion to Dismiss and the Application to Amend. We find Browne's attempt to object to the class settlement agreement was insufficient to preserve the errors she raises in her appeal. The trial court did not abuse its discretion in approving the settlement agreement and we affirm.

¶2 This case involves three consolidated class action suits seeking recovery of unpaid or underpaid oil and gas royalties. Class Representatives and the defendants agreed to settle the cases for $27 million, and the agreement included provision for a 40% fee to class counsel.[3] Browne's appeal challenges the agreement on attorney fees and whether the trial court properly found Browne's objection was invalid.

¶3 Notice of the proposed settlement was mailed to 6000 class members. The Notice gave class members three options: they could do nothing and participate in the settlement, they could opt out and not be bound by the settlement agreement, or they could remain in the class but object to the settlement agreement. Part VI(B) of the Notice of Class Action and Proposed Settlement provided instructions for those wishing to object:

You have the right to remain in the classes and object to the proposed Settlement Agreement. Persons who desire to object must file a written statement with the Court Clerk and provide a copy of that objection to the Court, Class Counsel and Defendants' Counsel such that it is received on or before December 15, 2005, seven (7) days before the Fairness Hearing. The written statement must contain:

(1) A heading, referring to your Settlement Class Case Number(s) and to the District Court of Stephens County, State of Oklahoma;

(2) A statement as to whether the objector intends to appear at the Settlement Fairness Hearing, either in person or through counsel, and, if through counsel identifying counsel by name, address and telephone number;

(3) (T)he class or classes in which the objector is a Class Member and an identification of the wells or properties at issue in

---

1. See Supreme Court Order filed February 6, 2006.

2. See Supreme Court Order filed August 1, 2006. The full title of Browne's pleading is Application to Amend Record or in the alternative Review the Trial Court's Order Ancillary to Appeal.

3. The nine page Notice of Settlement Agreement included a detailed explanation of the settlement provisions. Additional terms of the Notice will be discussed below as they become relevant to this opinion.

which the objector owns a royalty or mineral interest;

(4) A detailed statement of the specific legal and factual basis for each and every objection;

(5) A list of any witnesses the objector may call at the Settlement Fairness Hearing, together with a brief summary of each witness's(s) expected testimony;

(6) A list and copies of any exhibits which the objector may seek to use at the Settlement Fairness Hearing;

(7) A list of any legal authority the objector may present at the Settlement Fairness Hearing;

(8) The objector's current address;

(9) The objector's current telephone number; and

(10) The objector's signature.

**Any Class Member who fails to timely file such written statement and provide the required information will not be permitted to present any objections at the Settlement Fairness Hearing.**

Your objection must be received for filing on or before December 15, 2005, and is to be mailed or delivered to:

\* \* \*

(Emphasis in original.)

¶ 4 Sixty-six class members opted out. Only Browne attempted to file an objection. Browne's letter of objection was file-stamped December 16, 2005[4] and Browne did not attend the fairness hearing. Browne's letter included the following paragraph stating the basis of her objection:

Please accept this letter as my objection to the proposed settlement of the cases referred to above. I believe a 40% percent award of attorney's fees to Class Counsel is much too high compared to other similar cases of which I am aware. Also, it is impossible for me to determine from the notice how much work was done on the case to justify the proposed attorney's fees to Class Counsel.

Browne's letter contained all of the other information required by the Notice, including her statement that she did not intend to appear at the Settlement Fairness Hearing.

¶ 5 The trial court noted, during the Settlement Fairness Hearing, that it had received the letter which was not a valid objection and that no one had appeared at the hearing to object.[5] Additionally, in its Findings of Fact and Conclusions of Law, the trial court noted that no valid objection was filed and the court approved the Class Settlement Agreement.

¶ 6 Class Representatives assert in their Motion to Dismiss Appeal that Browne is not a proper party to appeal because she did not properly object to the settlement agreement by following the instructions in the Notice. Although Class Representatives assert Browne's objection was untimely filed and failed to include a statement of the specific factual and legal basis for her objection,

---

**4.** Browne's Application to Amend the Record seeks to have the trial record amended to include a shipping company receipt purportedly showing that her objection letter was delivered to the Stephens County Court Clerk on the date objections were due. Browne's objection letter was file stamped the day after objections were due. Browne sought to amend the trial court record only after the trial court entered its Findings of Fact (the order from which Browne appeals) which included the finding that no valid objection was raised. The trial court declined to amend the record. Browne's Application to Amend the Record asks this court to take judicial notice that her objection letter was received by the Stephens County Court Clerk on the due date. Nothing in the record indicates whether the trial court found that Browne's objection was untimely. The trial court simply stated Browne's letter was not a valid objection, without further explanation.

**5.** At the Settlement Fairness Hearing, held December 22, 2005, counsel for Class Representatives stated:

Your Honor, there has been no objections to the settlement. There's been no objections to anything concerning the attorney fees or what have you with the exception that, as you received, there was one letter that did not meet the requirements of an objection. (*sic*) That was contained in the notice, and therefore, we think that it's not a valid objection. And she did not appear.

The trial court asked if counsel for Defendants had any comment and Defendants announced they had "no position on that." The trial court then announced "I don't think it constitutes a valid objection, so I'll put it in the file and note that it was sent to me, but that's all."

Class Representatives specifically contend that Browne is not a proper party to appeal because she failed to appear at the fairness hearing.

¶ 7 Class Representatives rely primarily on two cases: *Devlin v. Scardelletti*, 536 U.S. 1, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) and *In re Integra Realty Resources, Inc.*, 354 F.3d 1246 (10th Cir.2004). In *Devlin*, the petitioner, a retired union member opposed a class settlement agreement involving changes to the union's pension plan. The petitioner sought to intervene, but his motion was denied as untimely. The petitioner did, however, appear at the fairness hearing where he presented his objection. The petitioner then appealed both the denial of his motion to intervene and the approval of the settlement agreement. The Fourth Circuit Court of Appeals found no abuse of discretion in the denial of the motion to intervene. That court further held that because the petitioner was not a named class representative and because his motion to intervene had been properly denied, the petitioner lacked standing to appeal the approval of the settlement.

¶ 8 The United States Supreme Court granted certiorari to resolve disagreement among the circuit courts on the issue, and the court held for the first time that non-named class members who timely object to the proposed class settlement are proper parties to appeal the approval of the agreement, despite not having intervened in the case.[6] 536 U.S. at 10, 122 S.Ct. at 2011. The court held that class members who filed objections *and* appeared at the fairness hearing to present their objections were parties with the right to appeal. *Id.* The court explained that non-named class members were allowed to object to proposed class settlements pursuant to Rule 23(e), Federal Rules of Civil Procedure. The court concluded that because class members were allowed to object and were bound

by the settlement agreement, they should be considered parties with the right to appeal: "(w)hat is most important to this case is that nonnamed class members are parties to the proceedings in the sense of being bound by the settlement. It is this feature of class action litigation that requires that class members be allowed to appeal the approval of a settlement when they have objected at the fairness hearing." [7] *Id.*

¶ 9 The Tenth Circuit Court of Appeals's decision in *Integra* followed *Devlin*. In *Integra*, the notice of the proposed class settlement agreement set a deadline before which class members could submit written comments on the settlement and stated that class members who wished to object at the fairness hearing were required to file a notice of intent to appear and object along with supporting documents. The notice included a warning that class members who did not file the notice of intent to appear and object would not be allowed to contest the approval of the settlement at the hearing. 354 F.3d at 1255. Three people appealed the approval: one who filed a written objection but did not file a notice of intent to appear and did not appear at the fairness hearing, and two who filed notices of intent to appear and who did appear, through counsel, at the fairness hearing. The appellate court adopted the *Devlin* holding for class actions allowing members to opt out of the class, holding that "a class member who does not opt out of a settlement but objects at the fairness hearing and against whom a final judgment is entered has the right to appeal the district court's approval of the settlement." *Id.* at 1257.

¶ 10 The Tenth Circuit Court of Appeals then noted that under that rule, only two of the objectors qualified as parties having the right to appeal. The court held that the third objector's

---

6. The appellees in *Devlin* sought dismissal based on their claim that the appellant lacked standing to appeal because he had failed to intervene in the matter. The Supreme Court explained that because class members have an interest at stake, standing is not an issue; instead, the issue is whether the class member is a proper party to the appeal. 536 U.S. at 7, 122 S.Ct. at 2009.

7. In *Devlin*, class members were not allowed to opt out of the class, and the Supreme Court held that the right to appeal was particularly important in such a case where the objector has no other means of protecting himself from being bound to an agreement he finds unacceptable. *Id.* However, in *Integra*, discussed below, the Tenth Circuit applied the *Devlin* holding to opt out classes as well. 354 F.3d at 1257.

written objection does not meet the district court's stated requirements for objecting at the fairness hearing. The district court allowed class members to file comments on the settlement agreement in writing without making an appearance at the fairness hearing. However, it specified that in order to preserve a right to contest the approval of the settlement at the fairness hearing, a class member must file a Notice of Intention to Appear and Object. *Id.* at 1257–1258. The court concluded that because that objector did not take the steps required to object at the fairness hearing, he had failed to qualify as a party with the right to appeal under the holding of *Devlin. Id.* The court found that the two objectors who appeared at the fairness hearing had the right to appeal and the court then considered the issues raised in their appeals. *Id.*

¶ 11 In *Devlin,* the petitioner appeared at the fairness hearing and presented his objection. The issue was therefore not whether appearance was required to be a party for purposes of appeal, but whether intervention was also required. Nevertheless, the Supreme Court held that appearing and objecting were required to be considered a party with the right to appeal. Browne claims that the Notice of Class Settlement in this case gave objectors the option to appear or not, and that she still can appeal because she filed a written objection.

¶ 12 The Notice in this case is susceptible to two interpretations. It indicates that written objections could be filed and that those objections must include a statement whether the objector intends to appear at the fairness hearing. This suggests objectors may not have to appear at the fairness hearing in order for their objections to be considered. However, the Notice also states that only those who provide notice of their intent to appear will be heard at the fairness hearing, which suggests presenting objections at the fairness hearing is required.

■ ¶ 13 The Notice in this case is similar to the notice in *Integra,* which indicated that written comments could be submitted, but that class members must file their intent to appear at the fairness hearing in order to present objections there. The *Integra* no-

tice, like the one in this case, therefore could be read to allow objections to be either written or presented in person at the fairness hearing. However, the *Integra* court read the notice, along with the *Devlin* rule, to require class members to appear and present objection to the district court at the fairness hearing in order to be considered a party with the right to appeal. In other words, if the notice allows for written objections to be submitted then otherwise valid written objections will be considered by the trial court in exercising its discretion to approve the settlement. But, *Devlin* and *Integra* make plain that to preserve an objection to a class settlement agreement, and to be considered a party, *for purposes of appeal,* the objecting party must present his objection at the settlement fairness hearing by following whatever directions are given in the notice to secure the right to present those objections at the hearing.

■ ¶ 14 Because this rule has not previously been adopted by an Oklahoma court, we do not dismiss Browne's appeal on this basis. In the future, pursuant to *Devlin* and *Integra,* only class members who have both complied with the provisions of the notice for filing written objections *and* presented those objections at the fairness hearing will be considered parties to the action who will be heard on appeal.

¶ 15 Nevertheless, even if Browne's contention that the Notice in this case did not require her to present her objections at the fairness hearing was correct, the trial court found her written objection was not valid. We agree that Browne's letter was insufficient under the Notice.

¶ 16 As noted above, the Notice in this case directed those filing objections to the settlement include "(a) detailed statement of the specific legal and factual basis for each and every objection." The purpose of this requirement is to provide the trial court with an opportunity to exercise its discretion to approve or disapprove the settlement agreement. The letter of objection Browne filed in this case simply failed to include a detailed statement of the specific legal and factual basis for her objection.

¶ 17 Browne asserts that lay objectors should not be required to file objections amounting to legal briefs in order to have those objections considered. While this assertion sounds reasonable, it does not change the fact that Browne's objection lacked necessary specificity. Browne's objection refers to "other cases of which (she) is aware" which awarded lower attorney fees, but she failed to list those cases or offer any details to support that assertion. Generalized, conclusory objections are not sufficient.[8] We find the trial court acted within its discretion in determining that Browne's objection was not valid.

¶ 18 Browne possibly could have remedied her lack of specificity by appearing at the fairness hearing to elaborate on her written objection, but she did not.[9] In order to approve a class settlement agreement, the trial court must find the agreement fair, adequate, and reasonable.[10] The trial court's approval of a class settlement agreement will not be disturbed unless we find an abuse of discretion. *Integra, supra,* 354 F.3d at 1266; *Ayers v. Thompson,* 358 F.3d 356 (5thCir.2004), *certiorari denied,* 543 U.S. 951, 125 S.Ct. 372, 160 L.Ed.2d 269 (2004); *In re BankAmerica Corp. Securities Litigation,* 350 F.3d 747 (8thCir.2003). By neither including a detailed explanation of the specific factual and legal basis of her objection in her letter, nor appearing at the settlement fairness hearing to expand on her objection, Browne failed to give the trial court any objection on which to exercise its discretion. As a result, Browne effectively seeks to appeal based on arguments not presented below. It is without dispute that errors not raised at the trial level may not be presented for the first time on appeal.

¶ 19 Browne's appeal raises only the issue of attorney fees and does not challenge the settlement in any other way. However, as we have noted, Browne's objection failed to preserve the errors she alleges in her appeal.[11] Absent any other claim of an abuse of discretion, we must conclude the trial court did not abuse its discretion in affirming the class settlement agreement.

¶ 20 Browne's failure to comply with the Notice requirement of providing a detailed statement of the specific legal and factual basis of her objection, followed by her failure to elaborate on her purported objection at

---

**8.** 7B Fed. Prac. & Proc. § 1797.1 ("Only clearly presented objections ... will be considered.").; 2 Newberg on Class Actions 3d, § 11.58 ("General objections without factual or legal substantiation carry little weight."); *Sunrise Toyota, Ltd. v. Toyota Motor Co.,* 1973 WL 778 (S.D.N.Y.1973) ("Objectant's ... contentions are merely conclusory allegations. He presents no facts or evidence of any kind to support his claims, severity of past harms and losses, or general unfairness of the settlement. Since objectant adduces no specific evidence to support his contentions and since no other class member joins with him, we find his objections without merit.")

**9.** At the fairness hearing, the trial court noted Browne's letter and noted she had not appeared to present her objection at the hearing.

**10.** Courts examine the fairness, adequacy, and reasonableness of a class settlement in light of the numerous factors. In *Integra,* the Tenth Circuit noted four factors the trial court should consider: (1) whether the proposed settlement was fairly and honestly negotiated, (2) whether serious questions of law and fact exist, placing the ultimate outcome of litigation in doubt, (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation, and (4) the judgment of the parties that the settlement is fair and reasonable. The Second Circuit lists nine factors a trial court should weigh in determining fairness, adequacy, and reasonableness: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the likelihood of establishing liability; (5) the likelihood of proving damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the reasonableness of the settlement fund in light of the best possible recovery; and (9) the reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96 (2ndCir.2005), *certiorari denied* by *Leonardo's Pizza by the Slice v. Wal–Mart Stores, Inc.,* 544 U.S. 1044, 125 S.Ct. 2277, 161 L.Ed.2d 1080 (2005).

**11.** And, even if Browne's objection had been valid, it alone would not show an abuse of discretion. One objection out of 6000 class members (along with 66 opting out) is a factor bearing strongly in favor of approval of the agreement. *Stoetzner v. U.S. Steel Corp.,* 897 F.2d 115, 118–19 (3d Cir.1990) (Objections by only 10% of the class "strongly favors settlement").

the hearing, have resulted in Browne's claim regarding the attorney fees provision not being properly preserved for review on appeal. We affirm the trial court's Findings of Fact and Conclusions of Law approving the class settlement agreement.

AFFIRMED.

HANSEN, P.J., and BELL, J., concur.